Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 1439 | **DATE** | 9/5/2001 |
| **CASE TITLE** | Royster vs. McKesson HBOC, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing set for 9/25/2001 at 9:30 A.M..
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** Defendant's motion (Doc 12-1) to dismiss is granted as to events occurring before January 26, 2000 and denied as to events occurring January 26, 2000, and April 17, 2000. All other pending motions are moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | SEP 06 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 18 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING | | |
| SCT | courtroom deputy's initials | 01 SEP -5 PM 12: 27 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JEANNE M. ROYSTER, )
)
          Plaintiff, )
)
vs. ) 01 C 1439
)
MCKESSON HBOC, INC., )
)
          Defendant. )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on Defendant McKesson HBOC's motion to dismiss the complaint for failure to state a claim. For the reasons stated below, the motion is granted in part and denied in part.

### BACKGROUND

Defendant McKesson HBOC ("McKesson") employed Plaintiff Royster ("Royster") as a computer programmer from October 1997 until Royster resigned her position on April 17, 2000. Royster has been diagnosed with breast cancer and epilepsy. During her employment with McKesson, she took medication for her epilepsy and underwent chemotherapy and radiation therapy to treat her cancer. She claims that her employer subjected her to unequal treatment because of her

illnesses and subsequent treatments, and she filed a charge with the E.E.O.C. on November 21, 2000 to that effect. After receiving her right-to-sue letter, she instituted proceedings in this court pro se.

Twice Royster has filed complaints for this action that have been dismissed because their excessive recitations of fact obscured any cognizable claim. Both dismissal orders reminded her that the Federal Rules of Civil Procedure require that a plaintiff's complaint contain only a short and plain statement of the claim for relief. Royster's current complaint has whittled down and clarified the basis on which she seeks redress, so we again consider whether her complaint is sufficient to state a claim under the Americans with Disabilities Act ("ADA").

## LEGAL STANDARD

The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of a complaint. Triad Associates, Inc. v. Chicago Hous. Auth., 892 F.2d 583, 586 (7th Cir. 1989). In ruling on a motion to dismiss, the court must construe the allegations of the complaint in the light most favorable to the plaintiff, and all well-pleaded facts and allegations in the complaint must be accepted as true. Bontkowski v. First Nat'l Bank of Cicero, 998 F.2d 459, 461 (7th Cir. 1993).

The allegations of a complaint should not be dismissed for failure to state a claim "unless it appears beyond a doubt that the plaintiff can prove no set of facts

in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege facts sufficiently setting forth the essential elements of the cause of action. Lucien v. Preiner, 967 F.2d 1166, 1168 (7th Cir. 1992). However, a pro se complaint is held to "less stringent standards than formal pleadings drafted by lawyers." Henderson v. Sheahan, 196 F.3d 839, 845 (7th Cir. 1999).

In reviewing a Rule 12(b)(6) motion, the court may not look outside the allegations in the pleadings, but documents incorporated by reference into the pleadings and documents attached to the pleadings as exhibits are considered part of the pleadings for all purposes. See Fed.R.Civ.P. 10(c); Venture Associates Corp. v. Zenith Data Sys. Corp., 987 F.2d 429, 431 (7th Cir. 1993). We may also consider documents and facts included in a plaintiff's response brief so long as they are consistent with the allegations in the complaint. Hentosh v. Herman M. Finch Univ., 167 F.3d 1170, 1173 n.3 (7th Cir. 1999). With these principles in mind, we turn to McKesson's motion.

## DISCUSSION

Royster has, with her second amended complaint, complied with Rule 8 of the Federal Rules of Civil Procedure by providing us with a short and plain statement of her claim of disability discrimination. We may now effectively assess whether this complaint states a claim upon which relief can be granted. If it does

not, we must dismiss it under Rule 12(b)(6), as McKesson has asked us to do. Therefore, we turn to the language of Royster's second amended complaint.

A proper claim for disability discrimination under the ADA has three essential allegations: that an employee suffers from a disability as defined in the ADA, that she is qualified to perform the essential functions of the job with or without reasonable accommodation, and that the employer has taken some sort of adverse action against the employee. Conley v. Village of Melrose Park, 215 F.3d 703, 709 (7th Cir. 2000). Royster has stated in her second amended complaint that she has cancer and epilepsy. Both of those conditions can qualify as "disabilities" under the ADA. U.S. E.E.O.C. v. AIC Sec. Investigations, Ltd., 55 F.3d 1276 (7th Cir. 1995) (cancer); Eckles v. Conrail, 94 F.3d 1041 (7th Cir. 1996) (epilepsy). She has additionally stated that she could perform the essential functions of her job with or without reasonable accommodation. Finally, she has alleged that she was subjected to unequal treatment because of her illnesses. Accepting these admittedly sparse statements as true, it does not appear beyond a doubt that Royster can prove no set of facts that would entitle her to relief. As such, we conclude that she has adequately plead a claim for disability discrimination under the ADA.

As McKesson points out in their motion, however, our inquiry does not end there. A plaintiff alleging discrimination must follow certain filing procedures and timing requirements to properly maintain a claim under the ADA. See, e.g., 42

U.S.C. 2000e-5; <u>Fairchild v. Forma Scientific, Inc.</u>, 147 F.3d 567, 574 (7th Cir. 1998). One of these requirements is that any charge of discrimination must first be filed with the E.E.O.C. within 300 days of the discriminatory event, or a potential plaintiff will be barred from bringing a subsequent lawsuit. <u>Sharp v. United Airlines</u>, 236 F.3d 368, 372 (7th Cir. 2001).

In this case, McKesson asserts that Royster's claim is time-barred by the 300-day requirement. Royster filed her charge with the E.E.O.C. on November 21, 2000. The 300-day period therefore extends back to January 26, 2000. Royster has claimed that McKesson's discrimination took place until her resignation on April 17, so for events occurring between January 26 and April 17, her E.E.O.C. charge was timely filed. However, Royster must limit her claim to events that happened during that time period.

Royster contends that she should be allowed to include events further back in time through equitable tolling. Equitable tolling avoids the time-barring effect of limitation periods when the plaintiff has exercised all due diligence but is unable to obtain vital information pertaining to the existence of a claim. <u>Cada v. Baxter Healthcare Corp.</u>, 920 F.2d 446, 451 (7th Cir. 1990). Royster has supplied us with nothing to support her claim that the limitations period should be tolled beyond the fact that equitable tolling can apply in a discrimination context. In addition, she did file her claim in a timely manner with regard to the events of her last three months

with McKesson, which tends to show that she knew of the need to file a claim quickly. Royster may not therefore extend the 300-day window through equitable tolling, and her claim is restricted to the events falling within the time specified.

## CONCLUSION

For the foregoing reasons, the defendant's motion to dismiss is granted as to events occurring before January 26, 2000 and denied as to events occurring January 26, 2000, and April 17, 2000.

*Charles P. Kocoras*
Charles P. Kocoras
United States District Judge

Dated: September 5, 2001